UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAGINE, INC.,

                        Plaintiff,

-against-

ROYAL COURT AFFAIRS and SULTAN
QABOOS BIN SAID,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/2/2019
```

19 Civ. 2695 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

    Plaintiff, Omagine, Inc., brings this action against Defendants, Royal Court Affairs[1] and Sultan Qaboos Bin Said, for breach of a contract entered into with the government of the Sultanate of Oman to develop a real estate project in Oman. Compl. ¶ 6, ECF No. 3. Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, *id.* ¶ 4, and alleges that "[v]enue is deemed proper in this district pursuant to 28 U.S.C. Section 1391" and that Plaintiff "maintains a principal place of business" in New York, New York, *id.* ¶ 5. These allegations, however, do not satisfy the venue requirements set forth in 28 U.S.C. § 1391(f).

    Pursuant to 28 U.S.C. § 1391(f), civil actions against foreign states[2] may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title; (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action if brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

---

[1] Defendant Royal Court Affairs is "an entity that represents the personal interests of His Majesty Sultan Qaboos Bin Said, the ruler of Oman." Compl. ¶ 3.

[2] A foreign state is defined to include "an agency or instrumentality of a foreign state," which means any entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(a)–(b).

As the Second Circuit has noted, in considering whether venue is proper, a district court must "take seriously the adjective 'substantial.'" *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (interpreting § 1391(b)(2)); *see also Comm'ns Import Export S.A. v. Republic of the Congo*, No. 11 Civ. 6176, 2012 WL 1468486, at *2 (S.D.N.Y. Apr. 27, 2012) (applying *Glasbrenner* in the context of § 1391(f)). "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Glasbrenner*, 417 F.3d at 357 (emphasis in original).

Plaintiff alleges only that it entered into a contract with Defendants to develop a mixed-use tourism and residential real estate project in Oman, and that Defendant Royal Court Affairs failed to honor its obligations. Compl. ¶¶ 6–31.[3] These allegations, however, do not satisfy the requirements of § 1391(f)(1), because Plaintiff has not alleged that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New York. Nor is venue proper under §§ 1391(f)(2) and (3), because this case does not involve a vessel or cargo of a foreign state, nor is this an action brought against an agency or instrumentality of a foreign state licensed to do business or doing business in the Southern District of New York. Therefore, venue appears to lie only in the United States District Court for the District of Columbia. *Id.* § 1391(f)(4). For these reasons, the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the District of Columbia.

---

[3] Plaintiff also alleges that it "maintains a principal place of business at 350 Fifth Avenue, 48th Floor, New York, NY 10118." Compl. ¶ 5. The fact that Plaintiff may have certain contacts with this District, however, is irrelevant to the venue analysis under § 1391(f)(1). *See Luxexpress 2016 Corp. v. Gov't of Ukraine*, No. 15 Civ. 4880, 2018 WL 1626143, at *5–6 (S.D.N.Y. Mar. 30, 2018).

The Court hereby ORDERS Plaintiff to show cause in writing, by **April 16, 2019**, why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the District of Columbia.

SO ORDERED.

Dated: April 2, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge